IN THE STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------------

RAFAEL MESSA,

                Plaintiff,        Civil Action No.
  -v.-                                9:07-CV-0306 (DNH/DEP)

R.K. WOODS, Superintendent, Upstate
Correctional Facility, *et al.*,

                Defendants.

----------------------------------------------------------------------------

APPEARANCES:                   OF COUNSEL:

RAFAEL MESSA, *Pro Se*

HON. ANDREW M. CUOMO      STEPHEN M. KERWIN, ESQ.
Office of Attorney General
State of New York
Department of Law
The Capitol
Albany, New York 12224

DAVID E. PEEBLES
U.S. Magistrate Judge

ORDER

    Presently before the Court is a motion to compel discovery filed by

Rafael Messa ("Messa" or "Plaintiff") pursuant to Fed. R. Civ. Proc. 37.

Dkt. No. 27.

A.    BACKGROUND

    Plaintiff filed this action on March 23, 2007. Dkt. No. 1. In his

complaint, Plaintiff alleges causes of action based upon use of excessive force, denial of medical care, the recording of false statements, and failure to properly document Plaintiff's injuries in his medical records. Plaintiff further alleges that Defendant Woods, the Superintendent of the Upstate Correctional Facility ("Upstate"), supported and condoned the use of force and the recording of false statements. The claims arise from two events occurring on September 14, 2005 and September 15, 2005 at Upstate. *Id.* Defendants answered the complaint on June 8, 2007. Dkt. No. 17.

B.   PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Plaintiff filed his motion to compel discovery on April 7, 2008. Dkt. No. 27. Plaintiff's motion addresses request for production of documents served on November 29, 2007, and interrogatories that were served on December 4, 2007 and February 8, 2008. On April 10, 2008 the Court granted Defendants an extension of time to respond to the motion to compel. Dkt. No. 29. Defendants filed their response to the motion on May 8, 2008. Dkt. No. 32.

1.   Standard to Be Applied

The scope of permissible discovery in a civil action pending in a federal district court is defined, in the first instance, by rule which provides,

in pertinent part, as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).  When applying this standard in a case such as this, the Court must be mindful that "actions alleging violations of § 1983 require especially generous discovery."  *Cox v. McClellan*, 174 F.R.D. 32, 34 (W.D.N.Y. 1997) (citing *Inmates of Unit 14 v. Rebideau*, 102 F.R.D. 122, 128 (N.D.N.Y. 1984) (Foley, J.)).  When addressing a party's resistance to discovery requests propounded by an adversary, a court must also give recognition to the precept that:

> [a]n objection to a document request must clearly set forth the specifics of the objection and how that objection relates to the documents being demanded.  The burden is on the party resisting discovery to clarify and explain precisely why its objections are proper given the broad and liberal construction of discovery rules found in the Federal Rules of Civil Procedure.

*Obiajulu v. City of Rochester, Dep't of Law*, 166 F.R.D. 293, 295 (W.D.N.Y.

1996) (internal citations omitted).

    2.    <u>Plaintiff's Document Demands</u>

In his motion, Plaintiff takes issue with Defendants' response to document demands 2, 3, 6, 7, 8, and 9.  Dkt. No. 27, Nov. 29, 2007 Demand to Kerwin.

Demand 2 sought the production of "all documents that contain, mention, construe, or refer to policies on correctional staff supervision, escorting of inmates at the Upstate Correctional Facility ("Upstate")." *Id.* Defendants objected to this demand as "over-broad and as unduly burdensome since it is unlimited as to time.  Dkt. No. 32, Ex. A.  In Plaintiff's January 18, 2008 letter to Defendants' counsel, Plaintiff stated "To clarify and/or minimize this request, what was the policy on September 15, 2005 in regards to correctional staff supervision for the escorting of inmates confined under Special Housing Unit status at Upstate, i.e. escorting for urinalysis."  Dkt. No. 27*,* Jan. 18, 2008 Letter to Kerwin*.*

In their response to the Motion, Defendants now state that "to the extent that the plaintiff is seeking documents embodying a policy existing as of September 15, 2005 at Upstate for escorting SHU inmates to urinalysis testing . . .  I will produce any documents responsive to this

4

demand as modified by the plaintiff so long as any responsive document is generally permitted by DOCS to be provided to inmates." Dkt. No. 32, Kerwin Affirmation at ¶13.

However, Defendants' response brings no resolution to this dispute. Defendants' time to substantiate or justify any objection to the demand was in their response to this motion. Defendants offer this Court no evidence that they have, in fact, produced the responsive documents, nor have they offered any proof to substantiate any basis for withholding the documents from Plaintiff on this motion.[1] Accordingly, the responsive documents shall be produced to Plaintiff within thirty (30) days from the filing date of this Order.

Demand 3 sought the production of "all documents that contain, mention, construe, or refer to policies on correctional staff use of force on

---

[1] Counsel is well aware that if he intends to assert safety or security as a basis for withholding discovery from a party, it is his obligation to come forward, in response to this motion, with evidence addressing the basis for withholding any specific directive, policy, or other document. Discovery may not be denied on the basis of an unsubstantiated assertion by counsel that disclosure of requested information might impair facility security. Rather, in order to counter the strong federal policy of disclosure of relevant information, Defendants must make a "substantial threshold showing" that there are "specific harms likely to accrue from disclosure of specific materials." *King v. Conde*, 121 F.R.D. 180, 189 (E.D.N.Y. 1998). The required threshold showing may be in the form of a declaration of a responsible official who is neither a Defendant nor an attorney for a defendant after independent review of the requested materials. *See Melendez v. Greiner*, No. 01 Civ. 07888, 2003 WL 22434101, at * 5 (S.D.N.Y. Oct. 23, 2003) (citing cases).

inmates at Upstate." Dkt. No. 27, Nov. 29, 2007 Demand to Kerwin. Defendants object to this demand as vague, over broad and unduly burdensome. Dkt. No. 32, Ex. A. In Plaintiff's January 18, 2008 letter to Defendants' counsel, Messa stated "To clarify and/or minimize this request, please produce the written policy regarding correctional staff use of force on inmates at Upstate as it was in September of 2005." Dkt. No. 27, Jan 18, 2008 Letter to Kerwin. In their response to the Motion, Defendants now state that they do not waive their objection as to vagueness, overbreadth and burden, but that they "will produce any DOCS directive responsive to this demand as modified so long as the directive is classified by DOCS as being one of those which can be made available to inmates without compromising the safety and security of the prisons DOCS operates (commonly referred to as "A & B Directives")". Dkt. No. 32, Kerwin Affirmation at ¶ 14.

Once again, Defendants' response brings no resolution to this dispute. Defendants offer this Court no evidence that they have, in fact, produced the responsive documents. Rather, it appears from counsel's responses to the motion that he has not made any effort to investigate whether any such directives exist. Moreover, as with Demand 2,

Defendants and their counsel have offered no evidence to substantiate any basis for withholding the documents from Plaintiff. Defendants' time to substantiate or justify any objection to the demands has passed. Accordingly, the responsive documents shall be produced to Plaintiff within thirty (30) days from the filing date of this Order.

    Demand 6 sought production of "all use of force reports that evidence, mentioned, or refer to use(s) of force on any/all inmates whereas Defendants J. Hyde, N. Guerin, M. Kemp, and K. Eddy have been involved/named since September of 2003 and September 2007. Note: For the purposes of security, confidentiality, etc. all identifying information of any inmates or other correctional staff other than the Defendants may be redacted from the use of force reports." Dkt. No. 27, Nov. 29, 2008 Demand to Kerwin. Defendants object to this demand as prejudicial, vague, over broad and unduly burdensome and not likely to lead to the discovery of admissible evidence. Dkt. No. 32, Ex. A. In Plaintiff's January 18, 2008 letter he advised Defendants' counsel that "To clarify and/or minimize this request, Have any of the Defendant(s) been involved in any other uses of force on inmates between September 2003 and September 2007? If the answer is yes, name said Defendant(s) and please produce

the use of force form in a redacted state or security and confidentiality, etc. removing by any means necessary all identifying information of any inmates or other correctional staff other than the Defendants(s)." Dkt. No. 27, Jan. 18, 2008 Letter to Kerwin.

In their response to this Motion Defendants maintain the objections they previously asserted, and added that "[e]vidence of such other occasions is no more relevant to the issues in this action than are the facts of the crimes for which plaintiff is serving a term of imprisonment." Dkt. No. 32, Kerwin Affirmation at ¶ 15.

The Court sustains the Defendants' objection with respect to Defendants Woods, Hyde, Buffham, and Dabiew. Plaintiff's complaint does not contain specific allegations that any of these Defendants used excessive force. Dkt. No. 1. However, those specific allegations are present with respect to Defendants Guerin, Kemp and Eddy. *Id.* Accordingly, the Court directs that a response to the clarified demand be produced with respect to Defendants Guerin, Kemp and Eddy.[2] However,

---

[2]  As stated in *Melendez*,

> [t]o the extent other inmates' grievances or complaints allege conduct similar to that alleged in the Complaint, and were similarly directed against any of the named defendants, the documents sought may well yield information relevant to the [plaintiff's] claims, and such documents are therefore discoverable. *See*, *e.g*,

the time frame of the clarified demand shall be read to cover the period from September 2003 through September 2005.

Demand 7 sought the production of "all documents written or created since September of 2003 and September of 2007 that contain, mention, construe, or refer to any inspection, inquiry, or complaint of unnecessary use(s) of force by the individual Defendant(s) whether formal or informal, official or unofficial, including inmate, staff or civilian grievances, complaints and appeals, and including responses to such documents prepared by DOCS staff or their agents. <u>Note</u>: For the purposes of security, confidentiality, etc. all identifying information of any inmates or other correctional staff other than the Defendants may be redacted from

---

*Cox v. McCleelan*, 174 F.R.D. 32, 34 (W.D.N.Y. 1997) (permitting discovery of prior similar complaints against defendants); *Malsh v. New York City Police Dep't*, No. 92 Civ. 2973, 1995 U.S. Dist. LEXIS 4663, at *1-2 (S.D.N.Y. Apt. 11, 1995) (discovery of prior complaints and disciplinary actions against defendants was relevant to show "pattern, intent, absence of mistake, etc.") (quoting *Ismail v. Cohen* [sic]; 899 F.2d 183, 188 (2d Cir. 1990)); *Hurley v. Keenan*, No. 79 Civ. 4772, 1984 U.S. Dist. LEXIS 16888 (S.D.N.Y. May 8, 1984) (permitting discovery of prior similar administrative, civil, and criminal actions as relevant and potentially admissible to demonstrate defendants' intent and credibility and supervisory knowledge of misconduct).

*See Melendez*, 2003 WL 22434101, at *3. Past complaints against these Defendants regarding the use of excessive force could be used by Plaintiff to attack credibility of these Defendants or to impeach their testimony, or to demonstrate that the supervisory Defendants had notice of the correctional officers' alleged past actions. *See also, Martinez v. Thompson,* 9:04-CV-0440 (N.D.N.Y.) (FJS/DEP), Dkt. No. 69.

the use of force reports." Dkt. No. 27, Nov. 29, 2007 Demand to Kerwin. Defendants objected to this demand as vague, overbroad, and unduly burdensome.  Dkt. No. 32, Ex. A.  In Plaintiff's January 18, 2008 letter to Defendants, Plaintiff stated "To clarify and/or make minimize this request, please produce all documents written since September 2003 and September 2007 whereas any other inmate has complained of unnecessary use(s) of force by the individual Defendants, whether form or informal, official or unofficial, including those made by inmate, staff, or civilian, complaints and appeals, including the responses prepared by Defendant(s) or other DOCS staff or their agents.  Again these can be redacted for security and confidentiality, etc. removing by any means necessary all identifying information of any inmates or other correctional staff other than the Defendant(s)."  Dkt. No. 27, Jan. 18, 2008 Letter to Kerwin.

As with Demand 6, the Defendants asserted the additional relevancy objection to Demand 7 in their response to this Motion. Dkt. No. 32.  As noted above, that objection is proper except as to Defendants Guerin, Kemp and Eddy.  However, the clarified demand remains overbroad as written.  Accordingly, the demand that Defendants shall answer shall be

limited to grievances, filed by inmates, between September 2003 and September 2005, alleging use of excessive or unnecessary force by Defendants Guerin, Kemp and Eddy.

Demand 8 sought the production of "all documents written or created since September of 2003 and September 2007 that contain, mention, construe, or refer to any inspection, inquiry, or complaint of inadequate medical care and/or failure to document inmate injuries after use(s) of force, by the individual Defendant(s), whether formal or informal, official or unofficial, including inmates, staff, or civilian grievances, complaints and appeals, and including responses to such documents prepared by DOCS staff or their agents. <u>Note</u>: For the purpose of security, confidentiality, etc all identifying information of any inmates or other civilian staff other than the Defendants maybe redacted from the inadequate medical care and/or documents where the failure to document inmate injuries after use(s) of force are alleged." Dkt. No. 27, Nov. 29, 2007 Demand to Kerwin. Defendants object to this demand as vague, overbroad and unduly burdensome. Dkt. No. 32, Ex. A. In Plaintiff's January 18, 2008 letter he stated "The question is clear & straight forth, is not vague, over broad, or unduly burdensome, unless the Defendant(s) have a propensity for

11

supplying inadequate medical care and/or a failure to document inmate injuries after use(s) of force." Dkt. No. 27, Jan. 18, 2008 Letter to Kerwin.

Defendants have asserted the same objections as noted with respect to the prior two demands. The Court sustains Defendants' objections except as to Defendants Buffham and Dabiew. However, given the allegations in the Complaint, Defendants may further limit their response. With respect to Defendant Buffham, the complaint alleges failure to record Plaintiff's medical complaints and failure to log injuries she observed. Plaintiff's allegations against Defendant Dabiew are that he entered false information in Plaintiff's medical records and failed to record the nature of Plaintiff's injuries sustained from an officer's use of force. Accordingly, Defendants shall produce all inmate grievances, filed between September 2003 and September 2005, that allege that (1) Defendant Buffham failed to record an inmate's medical complaints or failed to log injuries she observed, and (2) Defendant Dabiew entered false information in an inmate's medical records or failed to record the nature of an inmate's injuries sustained by an officer's use of force.

Demand 9 sought the production of "all audio and visual recordings, regardless of how produced, i.e. video, DVD, cassette, etc., that evidence

12

[sic] the use(s) of force and/or incidents involving Mr. Messa on the days of September 14, 2005 and September 15, 2005 and the incidents of such days that resulted in the DOCS misbehavior reports received by Mr. Messa on said days." Dkt. No. 27, Nov. 29, 2007 Demand to Kerwin. Defendants responded that they "will make available for plaintiff's viewing at his current correctional facility the videotape recording of the incident of 9/14/05 at approximately 6:45 am at Upstate Correctional Facility building 11, A-34 cell." Dkt. No. 33, Ex. A. Plaintiff's January 18, 2008 letter to Defendants' counsel stated that this response is objected to in part because Defendants only made the video of the September 14, 2005 incident available, and have not produced the recording of the September 15, 2005 incident. Dkt. No. 25, Jan. 18, 2008 Letter to Kerwin. In a supplemental response to this Motion, Defendants' counsel states that he located the videotape of the September 15, 2007 incident, and submitted a receipt showing that Plaintiff has had an opportunity to review the videotape. Dkt. No. 33. Thus, this demand has now been satisfied.

    3.    <u>Plaintiff's Interrogatories</u>

Plaintiff's Motion to Compel states that he served a total of three sets

of interrogatories on Defendant Woods,[3] two sets of Interrogatories on Defendants Guerin, Kemp and Dabiew,[4] and one set of Interrogatories on Defendants Hyde, Eddy and Buffham.[5]  The Motion further states that Plaintiff did not receive a response to Defendant Woods third set of interrogatories, the second set of Interrogatories served on Dabiew, Kemp and Guerin, and the first set of Interrogatories served on Buffham.  Plaintiff further objects to the delay in the responses served by Defendants Hyde and Eddy.  Plaintiff states that such delay has hindered his ability to serve follow-up Interrogatories or address objections raised by the Defendants.  Finally, Plaintiff objects to Defendant Eddy's response to interrogatory number 8.

Defendants answered the Interrogatories directed to Defendants Woods,[6] Guerin, Kemp and Dabiew on January 30, 2008.  Dkt. No. 32, Ex. B-E.  Counsel's letter stated that he was "still working" on responses to the Interrogatories for Defendants Buffham and Eddy.  Dkt. No. 27, Jan. 30, 2008 Letter to Messa.  On February 8, 2008 Plaintiff wrote to Defendants'

---

[3]   Served on December 4, 2007 (two sets) and February 8, 2008

[4]   Served on December 4, 2007 and February 8, 2008

[5]   Served on December 4, 2007

[6]   Woods responded to the first two sets of Interrogatories.

14

counsel seeking a response to the December Interrogatories served on Defendants Eddy, Hyde, and Buffham. Dkt. No. 27, Feb. 8, 2008 Letter to Kerwin. On March 13, 2008 counsel served a response to the December Interrogatories served on Defendants Hyde and Eddy.[7] The March 13, 2008 letter stated that counsel was "still working" on responses to Defendant Buffham's December 4, 2007 Interrogatories.[8] Dkt. No. 27, March 13, 2008 Letter to Messa. As of the filing of this Motion, Plaintiff had not received responses to the third set of interrogatories served on Defendant Woods, the second set of Interrogatories served on Defendants Guerin, Kemp and Dabiew, or the first set of interrogatories served on Buffham.

In response to the Motion, Defendants' counsel asserts that "While the plaintiff maintains in his motion that he still has not received some of those responses, all defendants have served on him their responses to all interrogatories served by plaintiff." Dkt. No. 32, Kerwin Affirmation at ¶20.

---

[7] Discovery closed in this case on February 29, 2008. Dkt. No. 23.

[8] The Court notes with disapproval that at no time did counsel have the consent of Plaintiff to the repeated delay in responding to discovery, nor did counsel seek an order from this Court extending Defendant's response time. In the future counsel is advised that he is expected to either comply with the time lines established by the Federal Rules of Civil Procedure and the orders of this Court, or seek an order from this Court extending such deadlines.

What counsel glosses over is the fact that the responses were served between April 16, 2008 and April 25, 2008, well after Plaintiff served his Motion to Compel on March 26, 2008. Dkt. No. 32., Ex. I - L.

With respect to Plaintiff's specific objection to Defendant Eddy's response to Interrogatory 8, counsel stands on his objection. Dkt. No. 32. That interrogatory reads:

> Please describe in as much detail as possible the complete circumstances surrounding all other instances in which you have been involved in the use of force, or threatened to do so, while working as an employee of DOCS. Include in your response the circumstances surrounding any review or disciplinary action that occurred after each actual or threatened application of force.

Defendant's objection to the demand is that it is overbroad, unduly burdensome, vague, designed to annoy and harass this Defendant, and not likely to lead to the discovery of admissible evidence. Dkt. No. 32, Kerwin Affirmation.

Based upon this Court's discussion of *Melendez v. Greiner*, *supra* at note 2, the Court rejects that portion of the objection dealing with the discovery of admissible evidence. Moreover, given the allegations in the complaint against Defendant Eddy, the Court does not find the demand to be unreasonable, over broad, vague or unduly burdensome. Finally,

should Defendants require clarification as to the issue of disciplinary action or review, the Defendant should read the demand to include both disciplinary action against the inmate involved and disciplinary action against the Defendant Eddy.

4. <u>Request for Sanctions</u>

Finally, Plaintiff seeks sanctions against the Defendants for their delay in this action. In response counsel states "Admittedly, some of the defendants' responses to plaintiff's discovery demands were tardy. This was done in an effort to frustrate the plaintiff's discovery." Dkt. No. 32, Kerwin Affirmation at ¶22. Given the context of the paragraph, the Court will presume that counsel inadvertently omitted the word "not." Counsel further lists a litany of reasons why access to the Defendants was impeded, and notes that he has no objection to an extension of discovery to afford Plaintiff additional time to serve appropriate discovery.

As the Court noted above, counsel's obligation is to seek an extension from this Court when he is unable to meet deadlines imposed by the Federal Rules of Civil Procedure or orders of this Court. Counsel has offered no explanation for his failure in this regard. Further, it is clear that counsel's actions ***have*** frustrated discovery in this action, whether

17

intentional or not. Moreover, counsel's actions have caused unnecessary delay and Court intervention is this action.

Accordingly, counsel is advised that all documents produced in response to the demands in this Order shall be produced *without* expense to Plaintiff. Further, all documents responsive to the demands addressed above, as well as a response to the unanswered Interrogatory, shall be provided to Plaintiff within **thirty (30) days** from the filing date of this Order. Plaintiff's demand for monetary sanctions is otherwise denied, without prejudice, subject to renewal in the event Defendants fail to comply with this Order.

Further, discovery will be reopened for the limited period of **ninety (90) days** from the filing date of this Order. Plaintiff shall serve his remaining discovery forthwith. Defendants shall timely respond to all discovery demands served by Plaintiff. Any motion to compel discovery shall be filed no later than **twenty (20) days** following the end of the limited discovery period provided for in this Order.

WHEREFORE, based upon the above, it is hereby

ORDERED, that Plaintiff's motion to compel (Dkt. No. 27) is GRANTED in part, and DENIED in part, as detailed above. Defendants

shall comply with the terms of this Order within **thirty (30) days** from the filing date of the Order, and it is further

ORDERED, Plaintiff's request for sanctions is DENIED, without prejudice, and subject to renewal in the event Defendants fail to comply with this Order, and it is further

ORDERED, that within **thirty (30) days** from the filing date of this Order, Defendants' counsel shall file an Affidavit of Service with the Court showing that the documents required to be produced under this Order have, in fact, been provided to Plaintiff, and it is further

ORDERED, that discovery is reopened for the limited period ending **ninety (90) days** from the filing date of this Order. **No extensions of the discovery deadline shall be granted**, and it is further

ORDERED, that motions to compel shall be filed no later than **twenty(20) days** following the close of discovery, and it is further

ORDERED, that dispositive motions shall be filed on or before November 24, 2008, and it is further

ORDERED, that the Defendants shall comply with all time limits established by the Federal Rules of Civil Procedure and the Orders of this Court, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

/s/ David E. Peebles

David E. Peebles
U.S. Magistrate Judge

Dated:   June 12, 2008
         Syracuse, NY

20